**HARRISON, Appellee,**

v.

**HARRISON, Appellant.**

[Cite as *Harrison v. Harrison* (1989), 62 Ohio App.3d 343.]

Court of Appeals of Ohio,
Montgomery County.

No. 11122.

Decided Feb. 7, 1989.

344

*Mary Beth Caudill*, for appellee.

*Elizabeth Henley*, for appellant.

BROGAN, Judge.

Appellant, Sheila N. Harrison, appeals from the judgment of the trial court which affirmed the referee's supplemental report and recommendations regarding an increase in child support.

The marriage of appellant and appellee, Jeffrey P. Harrison, was dissolved on May 30, 1979. On August 2, 1985, appellant filed a motion requesting, *inter alia*, an increase in child support. An increase to $55 per week per child was granted pursuant to an agreed order of October 7, 1985. At the time of

this order, appellant was earning $21,000, and appellee was earning approximately $34,500.

On January 28, 1988, appellant filed a motion requesting, *inter alia,* an increase in child support. On that date, appellant also filed an Affidavit of Income and Expenses showing annual earnings of approximately $18,900 and expenses which had increased since the prior child support hearing in 1985.

On March 14, 1988, the parties appeared for a hearing before the referee. Throughout the transcript can be found several indications of the rushed nature of the proceeding. At the outset, the referee stated: "Call your own side, and then we'll have cross-examination and then call the other side. There is not sufficient time." During direct examination of appellant, the referee asked, "Is there anything else, Ms. Caudill? Because we're almost out of time. Quickly." Prior to appellee's direct testimony, the referee informed counsel, "If Mr. Harrison would like an opportunity to testify, he's going to have to start testifying. Because we're out of time."

Furthermore, although counsel for appellee had an opportunity to cross-examine appellant, counsel for appellant was deprived of any opportunity to cross-examine appellee. The final page of the transcript reveals that upon completion of the direct testimony of appellee, appellant's counsel attempted to begin cross-examination by asking, "Your Honor, may I?" but was cut off by the referee, who stated, "The case is submitted. That's it." Appellant's counsel thereafter proffered and the referee admitted plaintiff's exhibits 1 and 2, appellee's 1988 wage statement showing a gross annual income of approximately $43,000 and appellee's 1985 Affidavit of Income and Expenses, respectively.

During his direct testimony, the following exchange occurred between appellee and the referee:

"THE COURT: Sir, what was your income in 1985, gross income?

"THE WITNESS: $42,000.

"THE COURT: Which is approximately what it is now?

"THE WITNESS: That is correct."

This testimony conflicts with appellee's 1985 Affidavit of Income and Expenses which indicates that appellee earned $34,500 in that year. Additionally, following the initial report and recommendations of the referee, discussed *infra,* appellee filed objections wherein he admitted:

"Respondent did gross approximately $34,500.00 per year at the 1985 hearing held in reference to child support. The Respondent's testimony in reference to his wages at that time was not a deliberate misrepresentation of

the facts, but rather a misunderstanding of the question which was asked as the Referee was preparing to leave the hearing room for lunch."

On March 28, 1988, the referee issued her initial report and recommendations regarding the increased child support. Therein, the referee recommended that support be increased to $70 per week per child based upon the following considerations regarding the income of the parties: (1) appellant's annual gross income had dropped to $19,200 since the 1985 support hearing; (2) appellee's income had remained fairly constant since the 1985 hearing, to wit, in 1985 he earned $42,000 gross annual income and in 1988 he earned $43,000 gross annual income. The referee stated that because "the gross income of the respondent has not increased significantly, and he does support a dependent spouse," she recommended that the child support be increased to only $70 rather than the $81 per week per child as suggested by the Child Support Guidelines (C.P.Sup.R. 75, hereinafter "Guidelines").

On April 22, 1988, appellant filed objections to the initial report recommending a support increase to $70 rather than $81 per week per child based upon these reasons: (1) the denial of the right to cross-examine appellee, and (2) the finding that appellee's income was substantially the same in 1985 as in 1988. And, as set forth *supra*, appellee filed supplemental objections admitting to yearly earnings of only $34,500 in 1985. Additionally, appellee's objection reveals his belief that the hearing before the referee "ended abruptly."

In the decision and judgment of May 24, 1988, the trial court stated: "The matter of the requested increase in child support is remanded to the referee for additional recommendations as to the child support based on the actual increase in income of the respondent since the last child support order was made."

The referee filed a supplemental report and recommendation on May 27, 1988 which contained this statement: "The issue is apparently the actual change in earnings of the respondent from the time support was increased in 1985 to the time of the present request for an additional increase in support by the movant filed January 22, 1988." However, based upon the case of *Brandt v. Brandt* (Mar. 1, 1988), Clark App. No. 2383, unreported, 1988 WL 28102, the referee upheld the initial determination of the amount of child support. The referee stated that at the initial hearing, "no one was aware of the existence of the *Brandt* decision."

The referee stated that "there is insufficient financial information in numerous areas that would have to be explored to comport with the *Brandt* decision." The *Brandt* court held that a post-decree reconsideration of child support pursuant to the Guidelines is triggered when there exists a change in the income of one or both parents such that the amount of child support

calculated under the Guidelines prior to the change and subsequent to the change varies by more than ten percent. The referee indicated that several financial uncertainties prevented a definitive calculation of the ten percent variance mandated by *Brandt*. In particular, the referee noted that appellee earned substantial overtime pay in 1988 in addition to his gross annual income.

"If substantial overtime has been routine * * * then overtime income in 1985 may have been the explanation for the discrepancy between his testimony in court that he earned approximately $41,000 that year versus the simple calculation of $663 times 52 weeks. Unfortunately, that matter was not explored in testimony. If his statement in court as to his income in 1985 was correct, it is possible that the 10% threshold variance would not be met."

Additionally, the referee was unable to verify appellant's claims that her expenses had increased since the 1985 hearing because the record did not contain appellant's 1985 Affidavit of Income and Expenses.

Due to these financial uncertainties and in view of *Brandt*, the referee maintained her recommendation of a support increase to $70 per week per child.

Appellant filed objections to the supplemental report on June 10, 1988, stating that the referee did have sufficient financial information upon which to base a support increase to $81. In particular, appellant maintained that her testimony regarding her 1985 income and expenses constituted sufficient evidence of the same without a 1985 affidavit. Appellant noted the inconsistency of the referee's decision to accept her testimony regarding a decrease in earnings absent a 1985 affidavit but to reject her testimony regarding an increase in expenses absent a 1985 affidavit.

Further, appellant questioned the referee's continued reliance upon appellee's in-court statement regarding his 1985 earnings of $42,000. This figure is contradicted by appellee's 1985 Affidavit of Income and Expenses as well as appellee's admission in his supplemental objections (see *supra*), both of which show 1985 earnings of only $34,500.

In its decision and judgment of June 28, 1985, the trial court affirmed the amount of support recommended by the referee. The trial court stated:

"The referee apparently found the testimony of the respondent credible that his earnings are only about $1,000 more now than they were at the time of the court order, agreed upon by the parties. Movant complains that she was not permitted to cross-examine the respondent on his 1985 income. There was no specific request for cross-examination nor was there a request for a continuance to permit such cross-examination. The referee acquiesced in the accept-

ance of the respondent's 1985 affidavit of income, expenses and financial disclosure into the record."

It is from this judgment that appellant appeals, requesting that this matter be remanded to the trial court for further hearing.

Appellant's first assignment of error is as follows:

"The court below erred as a matter of law and to the prejudice of appellant in refusing to allow appellant to cross-examine appellee after his testimony on direct examination."

In her brief, appellant lists two reasons for the requested increase in child support: "(1) Appellant's greater financial need and (2) Appellee's greater ability to pay." Although appellant was able to prove the first point, she argues that the referee's refusal to permit her counsel to cross-examine appellee prevented her from proving his greater ability to pay. Appellant's concern with proof of appellee's increased earnings is well founded, as the initial report of the referee was based largely on the "fact" that appellee's earning power remained substantially the same in 1985 and 1988: "While the movant has experienced increased costs for the minor children in the last two-and-a-half years and has experienced a decrease in her own gross income, the gross income of respondent has not increased significantly, and he does support a dependent spouse."

However, the record discloses not only appellee's 1985 Affidavit of Income and Expenses, which shows earnings of approximately $34,476, but appellee's admission that his gross earnings in 1985 were $34,500. (See discussion of appellee's supplemental objections filed April 27, 1988, *supra*.) It is noteworthy that his admission may be considered as against appellee's interest in maintaining lower support payments. In light of this evidence, it is clear that the amount of appellee's 1985 earnings is not in dispute. Therefore, the referee was bound by the agreed-upon figure and should have computed child support accordingly.

Because we have found that the record did contain sufficient and undisputed evidence of appellee's 1985 earnings, appellant's inability to cross-examine appellee to elicit proof of that fact was not prejudicial to her. We must therefore overrule appellant's first assignment of error.

Appellant's second assignment of error states:

"The trial court erred in adopting the report and recommendations of the referee without a further hearing on the issue of child support."

It follows from our finding that the record contained sufficient evidence of appellee's 1985 earnings that a further hearing on this issue is

unnecessary. Therefore, appellant's argument in favor of a further hearing in child support is overruled.

■ However, as we have decided that the referee is bound to consider the difference between appellee's 1985 earnings of $34,476 and his 1988 earnings of $43,000 in the child support calculation, appellant's assertion that the trial court erred in adopting the report and recommendations of the referee is well taken.

In her supplemental report and recommendations, the referee found that pursuant to the Guidelines, in 1985, if appellee earned $34,476 and appellant earned $21,000, then appellee's support payments would have been approximately $71 per week per child. The referee further found that in 1988, if appellee earned $43,000 and appellant earned $19,200, then appellee's support payments would be $81 per week per child pursuant to the Guidelines. From these findings, it is apparent that there is a variance in excess of ten percent between Guideline payments in 1985 and 1988. Therefore, the criterion for reconsideration of child support payments as set forth in our decision, *Brandt v. Brandt, supra,* has been met.

In *Brandt,* we held that "C.P.Sup.R. 75(B) should be interpreted as requiring reconsideration of the amount of child support only when there is a change in the income of either or both parties that would produce a variance in the support award calculated using the guidelines, before and after the change, in excess of ten percent." *Id.* at 1. We further explained that "[t]he trial court is neither required nor permitted to follow [the Guidelines] slavishly, but must, pursuant to R.C. 3109.05, consider the statutory factors set forth therein and all other 'relevant' factors." *Id.* at 5.

The *Brandt* decision conforms to the preface to C.P.Sup.R. 75, which states that a court "should exercise broad discretion in deviating from the Guidelines in cases where application would be inequitable to the child(ren) or to one of the parties." However, the preface indicates that "where the award deviates from the Guidelines, the Court shall provide findings of fact to substantiate the deviation." See *Kozloski v. Kozloski* (June 30, 1988), Butler App. No. CA87–10–141, unreported, 1988 WL 71617. Because the instant award deviation seems to be based largely upon the erroneous assumption that appellee's earnings in 1985 and 1988 remained constant, the referee's findings of fact do not substantiate the deviation.

We therefore sustain that portion of appellant's assigned error stating that the trial court erred in adopting the report and recommendations of the referee. We remand this case for a determination of child support as calculated pursuant to the Guidelines, taking appellee's increased earnings

into consideration, as well as facts on the record which might justify a deviation from the Guidelines.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

WOLFF, P.J., and WILSON, J., concur.